UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK HAROLD PERSON, SR.,

                Plaintiff,                    Case Number: 21-12905
                                                   Honorable Linda V. Parker

v.

SAVITHRI KAKANI, et al.,

                Defendants.

_____/

## ORDER DISMISSING COMPLAINT

This is a civil rights action brought by state prisoner Roderick Harold Person, Sr. ("Plaintiff") under 42 U.S.C. § 1983. Plaintiff also alleges state law negligence and medical malpractice claims.

Plaintiff initiated this action by filing a *pro se* civil rights complaint in the United States District Court for the Western District of Michigan on August 6, 2021. (ECF No. 1.) A month later, Plaintiff filed an amended complaint. (ECF No. 2.) The court in the Western District dismissed all of the defendants, except Savithri Kakani (hereafter "Defendant"), and transferred the remainder of the case to this District based on venue considerations. (*See* 12/14/2021 Op, ECF No. 3.) On December 27, 2021, Plaintiff filed a second amended complaint. (ECF No. 6.) Leave of court, which should be "freely give[n]," was required before Plaintiff filed a second amended complaint. *See* Fed. R. Civ. P.15(a). The Court will allow

the amendment.  The second amended complaint replaces the original and amended complaints.  *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings.").

Plaintiff's claims against Defendant, a physician's assistant, concern medication Defendant prescribed to Plaintiff.  The Court holds that Plaintiff fails to state a claim upon which relief may be granted with respect to his federal claims and declines to exercise jurisdiction over his state-law claims.

## I.  Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a

2

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Because Plaintiff paid the full filing fee, the Court screens his Complaint under 28 U.S.C. § 1915A, which directs courts to review a civil complaint in which a prisoner seeks redress from a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). On this review, a court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id*.

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  Discussion

Plaintiff's Complaint arises from medical treatment he received while incarcerated at the Gus Harrison Correctional Facility. On April 12, 2019, Plaintiff was seen by Kimberly A. Korte, a nursing supervisor. He complained of longstanding problems with vertigo. (ECF No. 6 at Pg ID 5.) Korte diagnosed him with allergies and prescribed meclizine. (*Id.*) On May 13, 2019, Plaintiff

submitted a healthcare request because he had not yet received the prescribed

medication.  (*Id.*)  On May 15, 2019, he was seen by Defendant.  Defendant noted

that Plaintiff was being seen for vertigo and prescribed hydrochlorothiazide.  (*Id.* at

Pg ID 6.)  On March 10, 2020, a different physician's assistant reviewed Plaintiff's

records.  This physician's assistant told Plaintiff to stop taking hydrochlorothiazide

because it was likely worsening his vertigo symptoms and prescribed Zyrtec

instead.  (*Id.*)

Plaintiff alleges that hydrochlorothiazide caused multiple side effects from

which he still suffers.  He claims that Defendant's error amounted to deliberate

indifference to his medical needs, medical malpractice, and negligence.  He seeks

$263,000 in damages.

### A.  Eighth Amendment Deliberate Indifference Claim

A prison official violates the Eighth Amendment when the official acts with

deliberate indifference to an inmate's health and safety.  *Rhodes v. Chapman*, 452

U.S. 337, 346 (1981).  To show an Eighth Amendment violation, a prisoner must

establish two elements, one objective and one subjective.  *See Farmer v. Brennan*,

511 U.S. 825, 834 (1994).  First, the objective component requires a prisoner to

show that the conduct was "sufficiently serious."  *Rafferty v. Trumbull Cnty., Ohio*,

915 F.3d 1087, 1094 (6th Cir. 2019) (quotation omitted).  The subjective

component requires the plaintiff to "allege facts which, if true, would show that the

official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001). A plaintiff need not show that the defendant acted with the very purpose of causing harm, but must show "more than medical malpractice and negligence" because the subjective requirement is "meant to prevent the constitutionalization of medical malpractice claims." *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff's allegation that Defendant prescribed the wrong medication fails to state a claim of constitutional dimensions under the above standard because it alleges nothing more than negligence or medical malpractice. Defendant prepared a report following a May 15, 2019 visit with Plaintiff. She noted that Plaintiff suffered from vertigo and that his blood pressure was slightly elevated. (*See* ECF No. 6 at Pg ID 13-14.) She prescribed hydrochlorothiazide and counseled Plaintiff to decrease his salt intake. (*Id.*) This report does not support a claim that Defendant perceived a substantial risk and disregarded that risk.

Additionally, the Sixth Circuit distinguishes between cases where a prisoner alleges the complete denial of medical care and cases where a prisoner received treatment which he alleges was inadequate. *Alspaugh v. McConnell*, 643 F.3d 162,

169 (6th Cir. 2001). Where medical treatment has been provided, a prisoner must show that his treatment was "so woefully inadequate as to amount to no treatment at all." *Id.* Plaintiff may disagree with the medication Defendant prescribed, but this is insufficient to make such a showing. *See Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir. 2011) (holding that a nurse's administration of the wrong medication to the plaintiff, absent evidence that it was anything other than negligent, "constituted medical malpractice at most and cannot constitute an Eighth-Amendment violation"); *see also Positano v. Wetzel*, 529 F. App'x 116, 119 (3d Cir. 2013) (allegation that doctor prescribed prisoner the "wrong medication" suggested at best "medical malpractice" and not a constitutional violation); *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006) (prescribing both the wrong type and dose of an anti-seizure medication to an inmate was malpractice but not deliberate indifference); *Johnson v. Doe*, 234 F.3d 1273 (7th Cir. 2000) (upholding dismissal of constitutional claim where officials "mistakenly gave [prisoner] the wrong medication"). Even negligent treatment does not give rise to an Eighth Amendment claim. *Comstock*, 273 F.3d at 703 (6th Cir. 2001) ("When a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.").

Because Plaintiff's allegations would not support a finding that Defendant subjectively perceived the facts giving rise to an inference of a substantial risk to Plaintiff, and that she actually and subjectively drew the inference, Plaintiff fails to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 837. The Court finds it unnecessary to opine on whether Plaintiff's allegations satisfy the objective component, which also is required to sufficiently allege a deliberate indifference claim.

### B.  State Law Claims

Plaintiff also raises claims of negligence and malpractice.  In determining whether to retain supplemental jurisdiction over state-law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Generally, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, "the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quotation omitted).  Here, because Plaintiff fails to state an Eighth Amendment claim, the Court declines to exercise supplemental jurisdiction with regard to his state-law claims.

## III.   Order

For these reasons, the Court dismisses Plaintiff's federal claim for failure to state a claim under 28 U.S.C. § 1915(e)(2).  The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.  Those claims will be dismissed without prejudice.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 4, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager